UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-30227-KPN

AVON WHOLESALE SUPPLY, INC.

v.

MONMOUTH REALTY COMPANY,
B.D. NIMS LUMBER COMPANY,
RICHARD F. NIMS and LOIS NIMS

**DEFENDANTS' ANSWER**

The Defendants Monmouth Realty Company ("Monmouth"), B.D. Nims Lumber Company ("B.D. Nims Lumber"), Richard F. Nims ("Mr. Nims") and Lois Nims ("Mrs. Nims"), through counsel, hereby answer the corresponding numbered paragraphs of Plaintiff's Complaint. To the extent any of the allegations therein do not apply to a Defendant, that Defendant is not required to answer or, if an answer is required, that Defendant is without sufficient information to form a belief with respect to such allegations.

**Parties**

1.  Defendants lack sufficient information to form a belief as to the allegations in Paragraph 1 of the Complaint.

2.  Defendants admit that Monmouth was a corporation formed under the laws of the Commonwealth of Massachusetts, which corporation was dissolved on or about December 31, 1998. Defendants deny the remaining allegations in Paragraph 2.

3.  Defendants admit that B.D. Nims Lumber was a corporation formed under the laws of the Commonwealth of Massachusetts, which corporation was dissolved on or about December 31, 1998. Defendants deny the remaining allegations in Paragraph 3.

4. Mr. Nims admits to being a resident of West Springfield, Massachusetts and formerly being a shareholder, officer and director of Monmouth which had a principal place of business at 253 Baldwin Street, West Springfield, Massachusetts (the "Property"). Mr. Nims denies the remaining allegations in Paragraph 4.

5. Mr. Nims admits that he was formerly a shareholder, officer and director of B.D. Nims Lumber and denies the remaining allegations in Paragraph 5.

6. Mrs. Nims admits that she is the wife of Mr. Nims and was formerly a shareholder and officer of Monmouth. Mrs. Nims denies the remaining allegations in Paragraph 6.

7. Mrs. Nims is without sufficient information to form a belief as to the allegations in Paragraph 7 of the Complaint and calls upon the Plaintiff to prove same.

## Jurisdiction and Venue

8. Defendants admit there is a diversity of citizenship and are without sufficient information to form a belief as to whether there is an amount in controversy in excess of $75,000 and call on Plaintiff to prove same.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

## Factual Background

10. Defendants admit the first sentence in Paragraph 10 of the Complaint and answer further that said Purchase and Sale Agreement ("Agreement") and any exhibits thereto speak for themselves.

11. Defendants respond to the allegations contained in Paragraph 11 by stating that the Agreement speaks for itself.

12. Defendants respond to the allegations contained in Paragraph 12 by stating that the Agreement speaks for itself. Answering further, Defendants admit that environmental tests were performed at the Property and gasoline contamination was detected.

13. Defendants admit that on or about February 25, 1998, Monmouth received a Notice of Responsibility letter ("NOR") from the Massachusetts Department of Environmental Protection ("DEP"). Answering further, Defendants state that the NOR speaks for itself.

14. Defendants admit that Monmouth entered into an agreement entitled Escrow and Indemnity Agreement ("Escrow Agreement") with the Plaintiff and The Avon Building Supply Company. Answering further, Defendants state that the Escrow Agreement speaks for itself.

15. Defendants respond to the allegations contained in Paragraph 15 by stating that the Escrow Agreement speaks for itself.

16. Defendants respond to the allegations contained in Paragraph 16 by stating that the Escrow Agreement speaks for itself.

17. Defendants admit the allegations contained in the first sentence of Paragraph 17 and, answering further, state that the deed speaks for itself.

18. Defendants respond to the allegations contained in Paragraph 18 by stating that the DEP letter speaks for itself.

19. Defendants lack sufficient information to form a belief as to when and for what purpose or purposes the Plaintiff retained Environmental Risk Limited ("ERL"). Answering further, Defendants state that the Escrow Agreement speaks for itself.

20. Defendants respond to Paragraph 20 by stating that the Release and Utility-Related Abatement Measure Transmittal Form ("Form") speaks for itself.

21. Defendants respond to Paragraph 21 by stating that the Certification speaks for itself.

22. Defendants respond to the allegations contained in Paragraph 22 by stating that the Form speaks for itself.

23. Defendants respond to the allegations contained in Paragraph 22 by stating that the Form speaks for itself.

24. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 24 of the Complaint and call upon the Plaintiff to prove same.

25. Defendants respond to the allegations in Paragraph 25 by stating that Mr. Nims, as then President of Monmouth and not individually, received the letter attached to the Complaint as Exhibit H and that said letter speaks for itself.

26. Defendants respond to the allegations in Paragraph 26 by stating that Mr. Nims, in his corporate capacity, received certain information with respect to environmental work performed at the property by ERL but are without sufficient information to form a belief with respect to the remaining allegations in said Paragraph 26.

27. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 27 of the Complaint and call upon the Plaintiff to prove same.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 30 of the Complaint and call upon the Plaintiff to prove same.

31. Defendants respond to the allegations in Paragraph 31 by stating that Mr. Nims, in his corporate capacity, received the correspondence attached to the Complaint as Exhibit I-1 and I-2 and answer further that said correspondence speak for themselves.

32. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 32 of the Complaint and call upon the Plaintiff to prove same.

33. Defendants respond to the allegations in Paragraph 33 by stating that Mr. Nims, in his corporate capacity, received on or about December 9, 1998 the letters attached to the Complaint as Exhibits J-1 and J-2 and answer further that said letters speak for themselves.

34. Defendants respond to the allegations in Paragraph 34 by stating that Mr. Nims, in his corporate capacity, on or about February 10, 1999 received the letter attached to the Complaint as Exhibit K and that the letter speaks for itself. Defendants respond further by stating that Mr. Nims, in his corporate capacity, on or about February 10, 1999,

received the letter attached to the Complaint as Exhibit L and answer further that said letter speaks for itself.

35. Defendants respond to the allegations in Paragraph 35 by stating that on or about December 21, 1998 Articles of Dissolution for Monmouth were filed with the Massachusetts Secretary of State.

36. Defendants respond to the allegations in Paragraph 36 by stating that on or about July 19, 2000, Monmouth filed an Application for Revival with the Massachusetts Secretary of State and that said Application speaks for itself.

37. Defendants respond to the allegations in Paragraph 37 by stating that on or about October 12, 2001, Monmouth filed an Application for Revival with the Massachusetts Secretary of State and that said Application speaks for itself.

38. Defendants respond to the allegations in Paragraph 38 by stating that Mr. Nims, in his corporate capacity, signed DEP forms, copies of which are attached to the Complaint as Exhibits O-1, O-2 and O-3.

39. Defendants respond to the allegations in Paragraph 39 by stating that said forms speak for themselves.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants respond to the allegations in Paragraph 41 by stating that Mr. Nims, in his corporate capacity, signed DEP forms, copies of which are attached to the Complaint as Exhibits P-1, P-2, P-3 and P-4.

42. Defendants respond to the allegations in Paragraph 42 by stating that said forms speak for themselves.

### Count One: Private Right of Action Against Monmouth under Chapter 21E of the Massachusetts General Laws

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 42 of the Complaint.

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent Paragraph 43 contains any factual allegations which require the Defendants' response, the Defendants deny the allegations contained therein.

44. The Defendants admit that Mr. Nims received the letter attached to the Complaint as Exhibit Q, that said letter speaks for itself, and deny the remaining allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint and, answering further, state that counsel for Defendants sent letters in response to each letter received from Plaintiff's counsel.

46. Defendants answer the allegations contained in Paragraph 46 by stating that said letter speaks for itself.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

## Count Two: Breach of Contract of Purchase and Sale by Monmouth

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 42 of the Complaint.

43.   Defendants answer the allegations contained in the first sentence of Paragraph 43 by stating that the first sentence contains conclusions of law to which no response is required. To the extent the first sentence Paragraph 43 contains any factual allegations which require a response, Defendants deny the allegations contained therein. Defendants answer the allegations contained in the second sentence of Paragraph 43 by stating that the Agreement speaks for itself.

44.   Defendants deny the allegations in Paragraph 44.

## Count Three: Breach of Escrow and Indemnity Agreement by Monmouth

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 42 of the Complaint.

43.   Defendants deny the allegations contained in the first sentence of Paragraph 43. Defendants answer the allegations contained in the second sentence of Paragraph 43 by stating that the Escrow Agreement speaks for itself.

47.   Defendants deny the allegations in Paragraph 47.

## Count Four: Fraudulent Conveyance by Monmouth to Mr. Nims and Mrs. Nims

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 42 of the Complaint.

43. Defendants answer the allegations contained in the first sentence of Paragraph 43 by stating that the first sentence contains conclusions of law to which no response is required. To the extent the first sentence Paragraph 43 contains any factual allegations which require a response, Defendants deny the allegations contained therein.

44. Defendants admit that on or about December 21, 1998 Articles of Dissolution for Monmouth were filed with the Massachusetts Secretary of State.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

## Count Five: Personal Liability or Alter Ego – Mr. Nims

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants admit the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants answer Paragraph 47 by stating that the DEP forms attached to the Complaint as Exhibit O-1 speak for themselves.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

### Count Six: Tortious Misrepresentation by Mr. Nims

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 42 of the Complaint.

43. Defendants state that the allegations contained in Paragraph 43 contain conclusions of law to which no response is required. To the extent Paragraph 43 contains any factual allegations which require a response, the Defendants deny the allegations contained therein.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants answer Paragraph 45 by stating that the DEP forms attached to the Complaint as Exhibit O-1 speak for themselves.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

### Count Seven: Operator Liability of B.D. Nims Lumber and Mr. Nims Personally

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 42 of the Complaint.

43. Defendants answer the allegations in Paragraph 43 by stating that the allegations contain conclusions of law to which no response is required. To the extent Paragraph 43 contains any factual allegations which require a response, Defendants deny the allegations contained therein.

44. Defendants answer the allegations in Paragraph 44 by stating that the allegations contain conclusions of law to which no response is required. To the extent Paragraph 44 contains any factual allegations which require a response, Defendants deny the allegations contained therein.

45. Defendants admit that, on information and belief, an underground storage tank was located on the Property for many years until it was removed in the early 1990's and was used in connection with business operations. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 46 and call upon the Plaintiff to prove same.

47. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 47 and call upon the Plaintiff to prove same.

48. The Defendants deny the allegations contained in Paragraph 48.

49. The Defendants deny the allegations contained in Paragraph 49.

### Count Eight: Fraudulent Conveyance by B.D. Nims Lumber to Mr. Nims and Mrs. Nims

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50.

51. The Defendants admit that on or about December 21, 1998 Articles of Dissolution for B.D. Nims Lumber were filed with the Massachusetts Secretary of State.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

## Count Nine: Reimbursement of Response Costs Incurred by Plaintiff

The Defendants hereby repeat and incorporate herein their answers to Paragraphs 1 through 47 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

2. Plaintiff's claim is barred because of insufficiency of process or service of process.

3. Plaintiff's claim is barred by the applicable statutes of limitations.

4. The Plaintiff lacks standing to bring some or all of the claims in the Complaint.

5. Plaintiff's claim is barred or the amount the Plaintiff can recover is limited because if the Plaintiff suffered harm, such harm was caused by its own acts or omissions and not by the acts or omissions of the Defendants.

6. The Plaintiff is not entitled to recover because the Plaintiff has not, and cannot, show that it has suffered any damages as a result of any acts or omissions of the Defendants.

7. The Plaintiff's claim is barred because, to the extent the Plaintiff suffered harm, if at all, such harm was caused by the acts or omissions of others over whom the Defendants had no control and for whom the Defendants are not responsible.

8. The Plaintiff has unclean hands and therefore is barred from recovery.

9. The Plaintiff's claim is barred by the doctrine of estoppel.

10. The Plaintiff's claim is barred by the doctrine of laches.

11. The Plaintiff's Complaint is barred or limited because of its failure to mitigate its alleged damages.

12. The Plaintiff's claim is barred for failure to comply with applicable requirements of M.G.L. c. 21E § 4A.

13. B.D. Nims Lumber is not a person who is liable pursuant to the provisions of M.G.L. c. 21E.

14. B.D. Nims Lumber is not a person who is liable to the Plaintiff for contribution, reimbursement or equitable share pursuant to the provisions of M.G.L. c. 21E.

15. Monmouth is not a person who is liable to the Plaintiff for contribution, reimbursement or equitable share pursuant to the provisions of M.G.L. c. 21E.

16. The Plaintiff is not entitled to recovery under applicable provisions of M.G.L. c. 109A.

17. The corporate Defendants named in the Complaint are dissolved and not subject to suit under applicable laws.

18. The Plaintiff's claim is wholly insubstantial, frivolous and not advanced in good faith.

WHEREFORE, the Defendants request that this Court dismiss Plaintiff's Complaint with prejudice and grant the Defendants their attorneys' fees and costs in connection with defending this action.

### REQUEST FOR JURY TRIAL

The Defendants request a trial by jury regarding all matters so triable.

Respectfully Submitted,
THE DEFENDANTS, MONMOUTH REALTY COMPANY, B.D. NIMS LUMBER COMPANY, RICHARD F. NIMS and LOIS NIMS,
By their attorneys

Louis S. Moore, BBO# 353050
Annino, Draper & Moore, P.C.
1500 Main Street, Suite 1818
P.O. Box 15428
Springfield, MA 01115-5428
Telephone (413) 732-6400
Fax (413) 732-3339

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first-class mail on December 13, 2004