UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

AVON WHOLESALE SUPPLY, INC.                          :

vs.                                               : 04-30227-KPN

MONMOUTH REALTY COMPANY,
B.D. NIMS LUMBER COMPANY,
RICHARD F. NIMS and LOIS NIMS                     : DECEMBER 2, 2004

## MOTION TO CONSOLIDATE

The Plaintiff, acting herein by its undersigned counsel, hereby moves this Court to consolidate for all purposes the present matter with a matter previously filed in this Court, bearing Docket No. 02C030189FHF, being titled The Avon Building Supply Company and Avon Wholesale Supply, Inc. v. Paul M. Maleck and Doherty, Wallace, Pillsbury & Murphy, P.C..

There are several reasons for this Motion.

First, the Avon v. Maleck et al matter involved claims of legal malpractice and breach of a contract to perform legal services against the Defendants therein in the course of their representation of the Plaintiffs in a purchase of land from Monmouth Realty Company and the assets of the B.D. Nims Lumber Company, each of which entities was owned primarily (on information and belief) by Richard F. Nims and Lois Nims. It is believed that the discovery process in the two matters will involve substantially the same areas of factual inquiry as effected both by written interrogatories and by depositions, including planned depositions of certain parties in both matters.

Next, the measure of damages in the first action against Defendants Maleck et al will in large part be expenditures suffered and to be suffered by the Plaintiffs in that matter for

environmental remediation on the real property purchased from Monmouth Realty Company. This is the central area of damages claimed in the second suit involving Avon Whole Supply v. Monmouth Realty Company et al.

Finally, as represented in the Motion to Continue Scheduling Order Nunc Pro Tunc dated December 2, 2004 in the earlier case and filed concurrently herewith, it is felt by counsel for the respective parties that there is a very significant likelihood of settlement of this first lawsuit. While Defendants in the second case have not yet appeared, nor have they responded in any way to the Complaint which was served on all four Defendants on November 22, 2004; nevertheless it is anticipated that they will not ignore the lawsuit and it would seem logical that any possible settlement discussions entered into by the parties in the second suit would be most efficiently conducted if they could be coordinated with the procedural steps in the first case.

The undersigned counsel for the Plaintiff in this matter discussed this Motion with counsel for the Defendants in the first case on December 1, 2004, and counsel for those Defendants indicated that she had no objection to the granting of this Motion.

**PLAINTIFF**
**AVON WHOLESALE, INC.**

C. Thomas Furniss

Fed Bar #ct00028
Furniss & Quinn P.C.
248 Hudson St.
Hartford CT 06106

(860) 527-2245

2

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed on this 2nd day of

December, 2004 to:

Attorney Rosanna Sattler
Attorney Jennifer E. Parker
Posternak Blanksetin & Lund LLP
800 Boylston St.
Boston, MA 02199-8004

Attorney David J. Wenc
734 Bliss Rd., Suite 1-A
P.O. Box 60788
Longmeadow, MA 01106

Richard F. Nims
148 Falmouth Rd.
West Springfield, MA 01089

Lois Nims
148 Falmouth Rd.
West Springfield, MA 01089

Monmouth Realty Company
c/o Richard F. Nims
148 Falmouth Rd.
West Springfield, MA 01089

B.D. Nims Lumber Company
c/o Richard F. Nims
148 Falmouth Rd.
West Springfield, MA 01089

C. Thomas Furniss