UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-30227-KPN

|  |  |  |
|---|---|---|
| AVON WHOLESALE SUPPLY, INC. | : | |
| | : | |
| v. | : | **DEFENDANTS' OPPOSITION** |
| | : | **TO PLAINTIFF'S MOTION TO** |
| MONMOUTH REALTY COMPANY, | : | **CONSOLIDATE** |
| B.D. NIMS LUMBER COMPANY, | : | |
| RICHARD F. NIMS and LOIS NIMS | : | |

The Defendants hereby oppose the Plaintiff's Motion to Consolidate (the "Motion"). The Motion requests that this Court "consolidate for all purposes" the captioned action with a legal malpractice case entitled The Avon Building Supply Company and Avon Wholesale Supply, Inc. v. Paul Maleck and Doherty, Wallace, Pillsbury & Murphy, P.C., Civil Action Number 02-30189-FHF (the "Malpractice Action"). For the reasons set forth below, the Motion should be denied.

### Failure to Comply With Local Rule 7.1

The Motion fails to comply with Local Rule 7.1(A)(2), which requires counsel for the moving party to certify to the Court that they have conferred with opposition counsel and attempted in good faith to resolve or narrow the issue of the Motion. Here, the Motion contains no such certification and, in fact, can contain no such certification because Plaintiff's counsel has not contacted nor conferred with Defendants' counsel with respect to the subject matter of the Motion.

## **Procedural Background**

The Malpractice Action was commenced by the Plaintiff over two (2) years ago, on November 18, 2002. The parties twice filed joint motions to stay that case for 6-month periods, which were granted. The parties' third joint motion to stay that case, filed on December 19, 2003, was denied by this Court (Ponsor, J.) stating that "if the case is going to be resolved, now is the time." The Court then entered a Scheduling Order at its February 2, 2004 scheduling conference with written discovery and non-expert depositions to be completed by November 30, 2004. The Scheduling Order requires the parties to designate experts and then complete expert depositions by March 11, 2005. *See* Civil Docket Report for Malpractice Action attached hereto as *Exhibit A*. However, the Plaintiff has now filed an assented-to motion asking the Court to extend Scheduling Order deadlines by another four months, including the expired non-expert deposition deadline. A copy of the Motion to Continue Scheduling Order *Nunc Pro Tunc* is attached hereto as *Exhibit B*.

By contrast, the instant action is a nine-count Complaint, which was not even served until November 22, 2004. The Complaint asserts environmental claims under M.G.L. c. 21E, as well as breach of contract, fraudulent conveyance, tortious misrepresentation and corporate "alter ego." Defendants' Answer was timely filed just three (3) days ago, on December 13, 2004. Accordingly, the Court has not even had an opportunity to "convene a scheduling conference as soon as practicable" to make an early assessment of this case.[1] Local Rule 16.1 (A).

---

[1] The Court has set the initial scheduling conference in this case for January 21, 2005.

## Argument

### The Instant Case Should Not Be Consolidated With The Malpractice Case Because Common Questions Are Not Present, It Would Severely Prejudice The Defendants And It Would Not Serve The Interest Of Judicial Economy Or Avoid Unnecessary Costs Or Delay

The Plaintiff's Motion is governed by Rule 42(a), which provides that actions involving a common question of law or fact may be consolidated by the Court for a joint hearing, trial or for all matters in the actions "as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). If there are common questions or law or fact, the Court should then "weigh the prospective benefits of consolidation, in terms of convenience to the parties and judicial economy against the extent of any confusion, delay or prejudice that might result from consolidation." Data General Corp. v. Grumman Sys. Support Corp., 834 F.Supp. 477, 487 (D. Mass. 1992). The mere existence of common issues does not require consolidation. Rohm & Haas Co. v. Mobil Oil Corp., 525 F.Supp. 1298, 1309 (D. Del. 1981). Once a court determines the actions do contain common issues of law or fact, the court "has broad discretion in weighing the costs and benefits of consolidation to decide whether the procedure is appropriate." Town of Norfolk v. United States Environmental Protection Agency, 134 F.R.D. 20, 21 (D. Mass. 1991). To determine whether consolidation of actions is warranted, savings of any time and effort gained must be balanced against inconvenience, delay or expense that might result from simultaneous disposition of separate actions. Waste Distillation Technology, Inc. v. Pan American Resources, Inc., 775 F.Supp. 759, 761 (D. Del. 1991).

First, common questions of law or fact are not present in the two actions here. The Malpractice Action raises the narrow issue of whether or not the Defendants were negligent or otherwise acted improperly in representing Plaintiff in relation to a real estate transaction. A copy of the Complaint and Answer filed in the Malpractice Action are attached hereto

3

collectively as *Exhibit C*. The case at bar raises entirely different, more numerous and more complex legal and factual issues involving alleged breaches of two contracts, alleged improper conduct by corporate officers as well as claims of liability under a state environmental cleanup statute. Therefore, it is manifest that common questions of law or fact and are not present in the two actions.

Second, the Defendants would be severely prejudiced by the consolidation of these two actions. It is the Plaintiffs who elected to bring these actions approximately two years apart. Having already had a protracted period to prepare the comparatively straightforward Malpractice Action, the parties in the Malpractice Action have now filed an assented-to motion to extend the Scheduling Order in that action, adding four months to the discovery schedule, including the expired non-expert discovery deadline. The only support for this extraordinary request is the cryptic statement that there are "two other possible responsible parties, one of them being the set of defendants named in a recently filed action in this court" and vaguely, that extending the Scheduling Order "will provide the opportunity for attempted resolution of both of these matters without requiring time of this Court". In fact, consolidating these actions, even with the extended scheduling order sought by the Plaintiffs, would both give the litigants in the Malpractice Action yet further time for discovery, unnecessarily further delaying that matter and simultaneously impose an unfairly accelerated discovery schedule on the Defendants in the just-filed and more complex action. Clearly, consolidating these actions would delay the Malpractice Action, confuse issues and severely prejudice the Defendants here.

Third, it is not in the interest of judicial economy nor is there any cost benefit to consolidating these actions before the Court even has the opportunity to determine whether some or all of the Plaintiff's claims can be promptly disposed of. The Defendants believe the claims

4

brought against them by the Plaintiff are frivolous, without merit and appropriate for dispositive motions prior to discovery. The Defendants intend to file such a motion or motions with respect to all or a substantial portion of Plaintiff's claims. To the extent all or substantially all of the claims in the instant case can be so disposed of, consolidation would provide no cost benefit or judicial economy. Further, the deadlines in both the current and the requested Malpractice Case Scheduling Order do not accommodate this basic and necessary phase of this case. To the extent such dispositive motions do not resolve some of the counts in the Complaint, it is in the interest of judicial economy for the Court to narrow claims and issues in this case, if possible, prior to proceeding with discovery, and without further and considerable delay of the Malpractice case. Accordingly, the interest of judicial economy would not be served by consolidation.

### Conclusion

For the reasons set forth hereinabove, the Plaintiff's Motion to Consolidate should be denied.

Respectfully Submitted,
THE DEFENDANTS, MONMOUTH REALTY
COMPANY, B.D. NIMS LUMBER COMPANY,
RICHARD F. NIMS and LOIS NIMS,
By their attorneys

Louis S. Moore, BBO# 353050
Annino, Draper & Moore, P.C.
1500 Main Street, Suite 1818
P.O. Box 15428
Springfield, MA 01115-5428
Telephone: (413) 732-6400
Fax: (413) 732-3339
E-mail: lmoore@admlawfirm.com

I hereby certify that a true copy
of the above document was served
upon the attorney of record for
each other party by _____

Dated: December 16, 2004

5

# United States District Court
## District of Massachusetts (Springfield)
## CIVIL DOCKET FOR CASE #: 3:02-cv-30189-MAP

Avon Building Supply, et al v. Maleck, et al
Assigned to: Judge Michael A Ponsor
Referred to: Magistrate Judge Kenneth P. Neiman
Demand: $750000
Lead Docket: 3:02-cv-30189-MAP
Related Case: 3:04-cv-30227-KPN
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 11/18/2002
Jury Demand: Defendant
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 11/18/2002 | 1 | Complaint filed. Case assigned to Judge: Frank H. Freedman. Receipt #: 305048 Amount:$ 150.00. Fee Status: Paid. CF, LR 4.1, notice of lawsuit and waiver of service of summons to Counsel. (mef) (Entered: 11/19/2002) |
| 11/18/2002 | 2 | Motion by Avon Building Supply, Avon Wholesale for C. Thomas Furniss to appear pro hac vice. Fee Status: Paid. Fee Amt: 50.00 Receipt #: 305047. , filed. (mef) (Entered: 11/19/2002) |
| 11/21/2002 | | Senior Judge Frank H. Freedman . Endorsed Order entered granting [2-1] motion for C. Thomas Furniss to appear pro hac vice; cc/cl. [EOD Date 11/21/02] (mef) (Entered: 11/21/2002) |
| 12/06/2002 | 3 | Assented to Motion by Paul M. Maleck, Doherty, Wallace to extend time to 12/31/02 to file answer , filed. (jcs) (Entered: 12/06/2002) |
| 12/30/2002 | 4 | Joint motion by Avon Building Supply, Avon Wholesale, Paul M. Maleck, Doherty, Wallace to stay case for six (6) months filed. . (mef) (Entered: 12/30/2002) |
| 12/30/2002 | | Senior Judge Frank H. Freedman . Endorsed Order entered granting [4-1] joint motion to stay case for six (6) months; cc/cl.. [EOD Date 12/30/02] (mef) (Entered: 12/30/2002) |
| 12/30/2002 | 5 | Senior Judge Frank H. Freedman. Procedural Order of Dismissal entered without prejudice to either party moving to restore it to the docket when further action is required upon completion of the six (6) month stay which the Court has ordered this date; cc/cl. [EOD Date 12/30/02] (mef) (Entered: 12/30/2002) |
| 12/30/2002 | | Case closed. (mef) (Entered: 12/30/2002) |

| 06/13/2003 | 6 | NOTICE of Appearance by Thomas C. Furniss on behalf of Avon Wholesale Supply, Inc., The Avon Building Supply Company (Lindsay, Maurice) (Entered: 06/13/2003) |
| 06/20/2003 | 7 | NOTICE of Withdrawal of Appearance Attorney Claire L. Thompson terminated. (Lindsay, Maurice) (Entered: 06/20/2003) |
| 06/25/2003 | 8 | JOINT MOTION to Stay the matter for a period of six (6) months by Avon Wholesale Supply, Inc., Doherty, Wallace, Pillsbury and Murphy, P.C., Paul M. Maleck, The Avon Building Supply Company filed.(Finn, Mary) (Entered: 06/25/2003) |
| 06/25/2003 | 9 | NOTICE of Appearance by Jennifer E Parker, Rosanna Sattler on behalf of Doherty, Wallace, Pillsbury and Murphy, P.C., Paul M. Maleck filed. (Finn, Mary) (Entered: 06/25/2003) |
| 06/25/2003 |  | Judge Frank H. Freedman: ENDORSEDORDER entered granting 8 Motion to Stay to stay the matter for six (6) months; cc/cl. (Finn, Mary) (Entered: 06/25/2003) |
| 12/19/2003 | 10 | Jiont MOTION to Stay by Avon Wholesale Supply, Inc., Doherty, Wallace, Pillsbury and Murphy, P.C., Paul M. Maleck, The Avon Building Supply Company.(Lindsay, Maurice) (Entered: 12/19/2003) |
| 12/23/2003 |  | Judge Michael A Ponsor : Endorsed ORDER entered denying the parties 10 joint Motion to Stay. DENIED. If the case is going to be resolved, now is the time. The clerk will set the case for a pre-trial scheduling conference. (Lindsay, Maurice) (Entered: 12/23/2003) |
| 01/07/2004 | 11 | ELECTRONIC NOTICE of Hearing: Status Conference set for 2/3/2004 02:30 PM in Courtroom 2 before Honorable Michael A Ponsor. (French, Elizabeth) (Entered: 01/07/2004) |
| 01/09/2004 | 12 | NOTICE of Change of Address by Jennifer E Parker, Rosanna Sattler (Lindsay, Maurice) (Entered: 01/09/2004) |
| 01/14/2004 | 13 | ANSWER to Complaint with Jury Demand by Doherty, Wallace, Pillsbury and Murphy, P.C., Paul M. Maleck.(Lindsay, Maurice) (Entered: 01/14/2004) |
| 01/22/2004 | 14 | Pltfs' letter motion to cont. the 2/03/2004 status conf. for six (6) weeks filed. (Finn, Mary) (Entered: 01/22/2004) |
| 01/22/2004 |  | Judge Michael A Ponsor : Endorsed ORDER entered denying 14 Motion to Continue. Construed as a motion to continue the status conference. This is DENIED. In future, counsel should submit formal motions when requesting this sort of relief. (Lindsay, Maurice) (Entered: 01/22/2004) |

| 02/02/2004 | 15 | Judge Michael A Ponsor : ELECTRONIC ORDER entered REFERRING CASE to Magistrate Judge Kenneth P. Neiman Referred for: status conference (conference is set for 2/3/04 at 2:30 p.m. (French, Elizabeth) (Entered: 02/02/2004) |
|---|---|---|
| 02/03/2004 |  | Electronic Clerk's Notes for proceedings held before Judge Kenneth P. Neiman : Status Conference held on 2/3/2004. Following the parties discussions A Scheduling Order is being issued. (Tape #CD Recorder.) (Lindsay, Maurice) (Entered: 02/03/2004) |
| 02/03/2004 | 16 | Judge Kenneth P. Neiman : SCHEDULING ORDER entered. All written discovery shall be served by 4/30/2004. Non-expert depos. to be completed by 11/30/2004. Case Management Conf. set for 12/3/2004 at 02:30 PM in Courtroom 3 before Magistrate Kenneth P. Neiman. Ps' designation and disclosure re: trial experts due 12/30/2004, Ds' due by 1/31/2005. All expert depos. to be completed by 3/11/2005; cc/cl.(Finn, Mary) (Entered: 02/04/2004) |
| 04/28/2004 | 17 | MOTION for Extension of Time to 5/31/04 to serve written discovery by Avon Wholesale Supply, Inc., The Avon Building Supply Company. (Lindsay, Maurice) (Entered: 04/28/2004) |
| 04/28/2004 |  | Judge Michael A Ponsor added. Judge Frank H. Freedman no longer assigned to case. Judge Ponsor denied motion for stay on 12/23/03. Case should have re-assigned and re-opened that date. (Stuckenbruck, John) (Entered: 04/28/2004) |
| 04/29/2004 |  | Judge Kenneth P. Neiman : ELECTRONIC ORDER entered granting without objection 17 Plaintiff's Motion for Extension of Time to serve written discovery by May 31, 2004. So ordered. (Neiman, Kenneth) (Entered: 04/29/2004) |
| 05/27/2004 | 18 | Ptf's MOTION to Continue Scheduling Order by Avon Wholesale Supply, Inc., The Avon Building Supply Company.(Lindsay, Maurice) (Entered: 05/27/2004) |
| 05/28/2004 |  | Judge Kenneth P. Neiman : ELECTRONIC ORDER entered granting 18 Plaintiffs' Motion to Continue Scheduling Order to permit the service of all written discovery by June 15, 2004. There shall be no further extensions in this regard. (Neiman, Kenneth) (Entered: 05/28/2004) |
| 07/13/2004 | 19 | CERTIFICATE OF CONSULTATION L.R. 16.1(D)(3) by Jennifer E Parker, Rosanna Sattler on behalf of Doherty, Wallace, Pillsbury and Murphy, P.C., Paul M. Maleck. (Lindsay, Maurice) (Entered: 07/13/2004) |
| 07/22/2004 | 20 | NOTICE of Withdrawal of Appearance Attorney Jennifer E Parker terminated. (Lindsay, Maurice) (Entered: 07/22/2004) |

| 11/22/2004 | 21 | NOTICE OF RESCHEDULING ISSUED, cc:cl. Case Management Conference set for 12/20/2004 at 10:30 AM in Courtroom 3 before Magistrate Judge Kenneth P. Neiman. (Healy, Bethaney) (Entered: 11/22/2004) |
| 12/03/2004 | 22 | Assented to MOTION to Amend 16 Scheduling Order by Avon Wholesale Supply, Inc., The Avon Building Supply Company.(Stuckenbruck, John) (Entered: 12/03/2004) |
| 12/03/2004 | 23 | Assented to MOTION to Consolidate Cases by Avon Wholesale Supply, Inc., The Avon Building Supply Company. Motion captioned for potential consolidated case, CA 04-30227-KPN, Avon v. Monmouth, et al, but docketed in this case which is the earlier filed case.(Stuckenbruck, John) (Entered: 12/03/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/14/2004 08:27:25 | | |
| PACER Login: ad0092 | Client Code: | Nims Avon |
| Description: | Docket Report | Search Criteria: | 3:02-cv-30189-MAP |
| Billable Pages: 3 | Cost: | 0.21 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

THE AVON BUILDING SUPPLY
COMPANY and AVON WHOLESALE
SUPPLY, INC.
    Plaintiffs

    V.

PAUL M. MALECK and
DOHERTY, WALLACE, PILLSBURY
& MURPHY, P.C.
    Defendants

: Case No. 02C030189FHF

: DECEMBER 2, 2004

## MOTION TO CONTINUE SCHEDULING ORDER
## NUNC PRO TUNC

The Plaintiffs, acting herein by their undersigned counsel, hereby move the Court to continue the scheduling order previously entered on February 3, 2004 by United States Magistrate Judge Kenneth P. Neiman, as set forth below, and for the reasons explained hereinafter:

| Action | current date ordered | date requested |
|---|---|---|
| Written discovery served | April 30, 2004 | N/A |
| Non-expert depositions | November 30, 2004 | March 30, 2005 |
| Case Management Conference | December 3 / December 20, 2004 | Week of January 3, 2005 |
| Plaintiffs' designation – Trial experts | December 30, 2004 | April 30, 2005 |
| Defendants' designation – Trial experts | January 31, 2005 | May 30, 2005 |
| Expert depositions completed | March 11, 2005 | July 11, 2005 |

Plaintiffs make this request after conferring at length by telephone with counsel for the Defendants on December 1, 2004. The reason for this request is that respective counsel for the Plaintiffs and the Defendants have been conferring in earnest for several months about the possibility of settlement in this matter. Consideration of the terms of possible settlement is considerably more involved than it would be in many cases because, among other things, the measurement of damages is very complex and there are two other possible responsible parties, one of them being the set of Defendants named in a recently filed action in this Court which will be the subject of a Motion to Consolidate with the present case, which is being filed concurrently with this Motion.

More specifically, the Plaintiff, Avon Wholesale Supply, Inc., has recently sued Monmouth Realty Company, B.D. Nims Lumber Company, Richard F. Nims and Lois Nims. These parties were, respectively, the seller, operator and primary owners of real estate and a lumber company sold to the two Plaintiffs in this matter, and it is the nature of the representation of the Plaintiffs in that sale by Defendants Maleck and Doherty, Wallace which is at issue in the present case. It is felt that the primary measure of damages in this case will be Plaintiffs' responsibility for environmental remediation costs which, in Plaintiffs' view, should not have been their responsibility and which would have not been incurred but for legal malpractice and breach of contract by the Defendants.

It is felt that the set of continuation dates requested will provide the opportunity for attempted resolution of both of these matters without requiring time of this Court, which would certainly be in the interests of the efficient administration of justice.

This is the first such Motion to Continue filed by the Plaintiffs.  As mentioned, counsel spoke on December 1, 2004 with counsel to the Defendants who has no objection to the granting of this Motion.

PLAINTIFF
AVONBUILDING SUPPLY COMPANY
AND
AVON WHOLESALE SUPPLY, INC.

C. Thomas Furniss
Fed Bar #ct00028

Furniss & Quinn, P.C.
248 Hudson Street
Hartford, CT 06106

Tel. (860) 527-2245

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed on this 2nd day of

December, 2004 to:

Attorney Rosanna Sattler
Attorney Jennifer E. Parker
Posternak Blanksetin & Lund LLP
800 Boylston St.
Boston, MA 02199-8004

Attorney David J. Wenc
734 Bliss Rd., Suite 1-A
P.O. Box 60788
Longmeadow, MA 01106

C. Thomas Furniss

SCANNED

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
_____ OFFICE

2002 NOV 18  P 3: 10

THE AVON BUILDING SUPPLY COMPANY
and
AVON WHOLESALE SUPPLY, INC.

U.S. DIST_____
DISTRICT_____

vs.

02 0030109 -FHF

PAUL M. MALECK and
DOHERTY WALLACE PILLSBURY & MURPHY P.C.  :  NOVEMBER 18, 2002

## COMPLAINT

The Plaintiffs hereby bring their Complaint, sounding in legal malpractice, as set forth hereinbelow by their undersigned counsel.

## PARTIES

1. The plaintiff, The Avon Building Supply Company ("Avon Building"), is a Connecticut corporation with a principal place of business located at 25 West Avon Road, Unionville Connecticut 06085 which purchased certain property located at 253 Baldwin Street, West Springfield, Massachusetts

2. The plaintiff, Avon Wholesale Supply, Inc. ("Avon Wholesale"), is a Connecticut corporation with a principal place of business located at 1790 Farmington Avenue, Unionville Connecticut w . h purchased certain property located at 253 Baldwin Street, West Springfield, Massachusetts.

3. The defendant, Doherty Wallace Pillsbury & Murphy, P.C. ("Doherty Wallace") is a professional corporation for the practice of law which is organized under the laws of

**FILING FEE PAID:**
RECEIPT # 305048
AMOUNT $ 150.00
BY DPTY CLK 148L
DATE 11/18/02

01

Massachusetts and has its principal place of business at 1414 Main Street, Springfield, Massachusetts.

4. The defendant, Paul M. Maleck ("Maleck"), is an attorney who, upon information and belief, resides at 43 Rogers Avenue, West Springfield, Massachusetts. Maleck practices law with Doherty Wallace. At all times relevant hereto, Maleck was acting within the scope and course of his employment by Doherty Wallace.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is founded on diversity of citizenship and an amount in controversy in excess of Seventy-five Thousand ($75,000.00) dollars.

6. Venue is proper in this District inasmuch as all of the acts complained of occurred in this District and all of said acts involved activities of the Defendants which had as their impetus the purchase by plaintiffs of the assets of a business and real estate located within this District.

## FACTUAL BACKGROUND

7. On or around August 19 and 22, 1997, Avon Wholesale entered into a purchase and Sale Agreement with Monmouth Realty Company ("Monmouth") for the conveyance of Lot 1 at 253 Baldwin Street, West Springfield, Massachusetts ("Lot 1 "). A true and correct copy of that Purchase and Sale Agreement is attached hereto as Exhibit "A" and is incorporated herein.

8. On or around August 19 and 22, 1997, Avon Building entered into a Purchase and Sale Agreement with Monmouth Realty Company ("Monmouth") for the conveyance of Lot 2 at 253 Baldwin Street, West Springfield, Massachusetts ("Lot 2").   (Lots 1 and 2 are referred to collectively as "the Property"). A true and correct copy of that Purchase and Sale Agreement is attached hereto as Exhibit "B" and is incorporated herein.

9. Richard F. Nims. Jr. at all relevant times was President and Treasurer of Monmouth.

10. Following the execution of both Purchase and Sales Agreements, certain environmental

tests were performed and it was determined that there were hazardous materials at the Property.

11. On or around April 27, 1998, Avon Wholesale, Avon Building and Monmouth entered into an Escrow and Indemnity Agreement regarding the environmental conditions of the Property and the remediation of hazardous materials at the Property. A true and correct copy of that Escrow and Indemnity Agreement Re: Environmental Conditions is attached hereto as Exhibit "C" and is incorporated herein.

12. The Escrow and Indemnity Agreement provides that Monmouth would deliver $150,000.00 to the Escrow Agent to pay for remediation of the Property.

13. The Escrow and Indemnity Agreement further provides that Monmouth will indemnify Avon Wholesale and Avon Building for any remediation which exceeds the $150,000.00 placed in escrow.

14. By deeds dated May 22, 1998, Monmouth conveyed Lot 1 to Avon Wholesale and Lot 2 to Avon Building. True and correct copies of those Quitclaim Deeds are attached hereto as Exhibit "D" and are incorporated herein.

15. Maleck and Doherty Wallace represented Avon Building and Avon Wholesale and negotiated on their behalf the Purchase and Sales Agreements, the Escrow and Indemnity Agreement and the pre-closing and closing documents relevant to the conveyance of the Property. In addition, Maleck and Doherty Wallace continued to advise Avon Wholesale and Avon Building regarding the environmental remediation of the Property following the conveyance.

16. At no time did Maleck or Doherty Wallace advise or recommend that Avon Wholesale and Avon Building secure the Escrow and Indemnity Agreement with a personal guaranty of Nims, president and treasurer of Monmouth.

3

17. The cost to remediate the Property has already exceeded the $150,000.00 placed in escrow pursuant to the Escrow and Indemnity Agreement and, on information and belief, will exceed said escrow amount by more than $75,000.00.

18. On December 21,1998, Monmouth filed Articles of Dissolution, dissolving Monmouth effective December 31, 1998. Copies of the Articles of Dissolution were sent to Paul S. Doherty of Doherty Wallace. A true and correct copy of those Articles of Dissolution is attached hereto ʼs Exhibit "E" and is incorporated herein.

19. Doherty Wallace had rendered estate planning services to Nims prior to being retained by Avon Wholesale and Avon Building. Paul S. Doherty, a principal of Doherty Wallace has a "long-standing relationship" with Nims. Nims contacted Paul S. Doherty regarding the environmental contamination of the Property after Nims learned that the Escrow and indemnity Agreement would not be sufficient to pay for the costs of the remediation.

20. At no time did Doherty Wallace or Maleck disclose these relationships, developments and conflicts to Avon Wholesale or Avon Building and at no time did the defendants seek or obtain a waiver of the conflicts.

### COUNT ONE (Negligence)

21. The plaintiffs repeat and reallege paragraphs 7 through 20 and incorporate them herein.

22. As counsel to Avon Wholesale and Avon Building, Maleck and Doherty Wallace owed Avon Wholesale and Avon Building a duty of care.

4

23. Maleck and Doherty Wallace breached their duty of care and were negligent in rendering legal services to the plaintiffs.

24. As a direct proximate result of the defendants' actions, Avon Wholesale and Avon Building have sustained damages and will continue to suffer damages.

## COUNT II (Chapter 93A Massachusetts General Laws)

25. The plaintiffs repeat and reallege paragraphs 7 through 20 and paragraphs 22 through 24 and incorporate them herein.

26. At all relevant times Maleck and Doherty Wallace were engaged in trade or commerce.

27. The actions of the defendants constitute unfair or deceptive acts or practices declared unlawful by M.G.L. c. 93A. §§ 2, 11 and the regulations promulgated thereunder.

28. As a result of the unfair and deceptive acts or practices of the defendants, the plaintiffs have sustained damage and continue to sustain damage.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiffs, Avon Wholesale Supply, Inc. and Avon Building Supply Company, request that the Court:

    a. enter judgment against the defendants on all counts of this Complaint;

    b. award the plaintiffs their actual damages;

    c. award the plaintiffs up to three, but, not less than two, times their actual damages for the defendants' willful or knowing violation of M.G.L. c. 93A;

    d. award the plaintiffs all appropriate costs, attorneys' fees, expenses and interest authorized by law; and

e. award the plaintiffs such other relief as is deemed just and appropriate.

**THE PLAINTIFFS DEMAND A JURY TRIAL**

PLAINTIFFS

THE AVON BUILDING SUPPLY COMPANY
and AVON WHOLESALE SUPPLY, INC.

BY _____
    David J. Wenc Esq.

    Bar #549400
    734 Bliss Road, Suite 1-A
    Longmeadow MA 01106

BY _____

C. Thomas Furniss, Their Attorney

    Fed Bar #ct00028
    Furniss & Quinn P.C.
    248 Hudson St.
    Hartford CT 06106

    (860) 527-2245

D

SCANNED

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

[illegible] AT [illegible]

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| THE AVON BUILDING SUPPLY COMPANY )<br>and AVON WHOLESALE SUPPLY, INC., )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>PAUL MALECK and DOHERTY WALLACE )<br>PILLSBURY & MURPHY P.C., )<br>    Defendants ) | 02C030189-FHF |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND

The Defendants, Paul M. Maleck and Doherty Wallace Pillsbury & Murphy P.C.

("DWPM") (collectively the "Defendants"), hereby answer the Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Defendants state the opening paragraph contains a summary and does not require a

response. To the extent the allegations may be construed against the Defendants, the Defendants

deny the same.

### Parties

1.    The Defendants admit that the Plaintiffs purchased certain property located at 253

Baldwin Street, West Springfield, Massachusetts. The Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in

Paragraph 1 of Plaintiffs' Complaint.

2.    The Defendants admit that the Plaintiffs purchased certain property located at 253

Baldwin Street, West Springfield, Massachusetts. The Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

    3.      The Defendants admit the allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

    4.      The Defendants admit the allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

Jurisdiction And Venue

    5.      The Defendants admit that there is a diversity of citizenship but deny there is a controversy in excess of seventy-five thousand dollars.

    6.      The Defendants admit that venue is proper in this District.

Factual Background

    7.      The Defendants admit the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

    8.      The Defendants admit the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

    9.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

    10.      The Defendants admit that certain environmental tests were performed following execution of the purchase and sale agreements.  The Defendants deny the remainder of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

    11.      The Defendants state that the Escrow and Indemnity Agreement speaks for itself. To the extent that Paragraph 11 does not reflect the Escrow and Indemnity Agreement, the Defendants deny the same.

ID # 376322v02/8000-326/ 01.13.2004

2

12.    The Defendants state that the Escrow and Indemnity Agreement speaks for itself. To the extent that Paragraph 12 does not reflect the Escrow and Indemnity Agreement, the Defendants deny the same.

13.    The Defendants state that the Escrow and Indemnity Agreement speaks for itself. To the extent that Paragraph 13 does not reflect the Escrow and Indemnity Agreement, the Defendants deny the same.

14.    The Defendants state that the deeds speak for themselves. To the extent that Paragraph 14 does not reflect the deeds, the Defendants deny the same.

15.    Upon information and belief, the Defendants state that the law firm Robinson & Cole, LLP, represented the Plaintiffs regarding environmental matters for the purchase of the Property, including the Escrow and Indemnity Agreement. The Defendants admit that they represented Avon Building and Avon Wholesale regarding the purchase of the Property and negotiated certain aspects of the Purchase and Sale Agreement, the Escrow and Indemnity Agreement and other relevant pre-closing and closing documents regarding conveyance of the Property. The Defendants deny the remaining allegations contained in Paragraph 15.

16.    The Defendants deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18.    The Defendants deny the allegations set forth in the first sentence of Paragraph 18. The Defendants admit that copies of the Articles of Dissolution were sent to Paul S. Doherty. The Defendants state that the Articles of Dissolution speak for themselves. To the

extent that Paragraph 18 does not reflect the Articles of Dissolution, the Defendants deny the same.

19.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19. Subject to and notwithstanding the foregoing, the Defendants admit that DWPM had a prior relationship with Nims and that an attorney at DWPM provided certain estate planning services to Nims, in his individual capacity, prior to DWPM's representation of Avon Wholesale and Avon Building. The Defendants further admit that in the summer of 1999, Nims asked Paul Doherty if he could recommend an environmental consultant. Paul Doherty recommended that Nims speak with Craig Brown, who referred Nims to an environmental consulting firm.

20.    The Defendants deny the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

## COUNT I (Negligence)

21.    The Defendants repeat and reallege their answers to paragraphs 1 through 20 as if restated herein.

22.    The Defendants admit that, during the time period that the Defendants represented the Plaintiffs, the Defendants owed a duty of care.

23.    The Defendants deny the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24.    The Defendants deny the allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

## COUNT II (C. 93A M.G.L.)

25.    The Defendants repeat and reallege their answers to paragraphs 1 through 24 as if restated herein.

26.    The Defendants state that the allegations set forth in Paragraph 26 state legal conclusions which are for the Court to decide and for which no answer is required.

27.    The Defendants deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28.    The Defendants deny the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

## SECOND DEFENSE

The Plaintiffs' Complaint fails to state a claim against the Defendants upon which relief can be granted.

## THIRD DEFENSE

If the Plaintiffs were damaged as alleged in the Complaint, any such damage was a result of acts or omissions of persons or entities over whom the Defendants had no control and for whose conduct the Defendants were not legally responsible.

## FOURTH DEFENSE

The Defendants acted in good faith and exercised appropriate judgment with respect to their interpretation, decisions, determinations and other actions and are therefore entitled to immunity from the claims asserted in this action.

## FIFTH DEFENSE

The Plaintiffs are barred from recovery by the principles of waiver and estoppel.

## SIXTH DEFENSE

The Plaintiffs are barred from recovery since the negligence of the Plaintiffs was equal to or greater than any negligence of the Defendants as alleged in the complaint.

## SEVENTH DEFENSE

If the Plaintiffs were damaged as alleged in the complaint, such damages must be reduced or diminished pursuant to Mass. Gen. Laws c. 231 §85 as a result of the negligence of the Plaintiffs.

## EIGHTH DEFENSE

The Plaintiffs have failed to mitigate their alleged damages and to that extent may not recover from the Defendants.

## NINTH DEFENSE

The Plaintiffs have not suffered any actual damages and nominal damages, and, if suffered at all, cannot form the basis of the Plaintiffs' Complaint.

## TENTH DEFENSE

To the extent the complaint seeking relief under M.G.L. c. 93A seeks an award of multiple damages, such awards violate the Due Process and Equal Protection clauses of the United States Constitution, and Article 1 of the Massachusetts Declaration of Rights.

## ELEVENTH DEFENSE

To the extent the complaint seeking relief under M.G.L. c. 93A seeks an award of multiple damages, such awards violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and Article XXVI of the Massachusetts Declaration of Rights.

ID # 376322v02/8000-326/ 01.13.2004

## TWELFTH DEFENSE

To the extent the complaint seeking relief under M.G.L. c. 93A seeks an award of multiple damages, such awards violate the Obligation of Contracts Clause of the United States Constitution, Article I, Section 10.

## THIRTEENTH DEFENSE

The Plaintiffs' Complaint is barred in whole or in part by the Plaintiffs' own conduct.

## FOURTEENTH DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of laches.

## FIFTEENTH DEFENSE

The Plaintiffs' Complaint is barred in whole or in party by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

The Plaintiffs' Complaint is barred in whole or in part by the applicable Statute of Limitations.

WHEREFORE, the Defendants, Paul M. Maleck and Doherty Wallace Pillsbury & Murphy P.C., request judgment as follows:

1. Issue an order dismissing the Plaintiffs' Complaint with prejudice;

2. Enter an Order granting judgment in favor of the Defendants and against the Plaintiffs and awarding the Defendants their reasonable attorneys' fees and costs incurred in the defense of this action; and

3. For such other and further relief as this Court may deem just and proper.

ID # 376322v02/8000-326/ 01.13.2004

## JURY CLAIM

The Defendants respectfully demand a trial by jury on all triable issues to the fullest extent permitted by law.

PAUL M. MALECK and DOHERTY
WALLACE PILLSBURY & MURPHY P.C.,

By their attorneys,

_Jennifer E. Parker_

Rosanna Sattler, BBO #442760
Jennifer E. Parker, BBO # 637114
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA   02199-8004
(617) 973-6100

## CERTIFICATE OF SERVICE

I, Jennifer E. Parker, hereby certify that on this 13th day of January, 2004, I caused a copy of the foregoing to be served by first-class mail, postage prepaid to:

C. Thomas Furniss, Esquire
Furniss & Quinn P.C.
Stoneleigh Building
248 Hudson Street
Hartford, CT   06106

David J. Wenc, Esquire
734 Bliss Road, Suite 1-A
P. O. Box 60788
Longmeadow, MA   01106

_Jennifer E. Parker_
Jennifer E. Parker

ID # 376322v02/8000-326/ 01.13.2004